IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

WHITE PINE INSURANCE COMPANY,

    Plaintiffs,

v.

BARBOURSVILLE PRE-OWNED AUTO SALES, LLC,

    Defendants.

CIVIL ACTION NO.  3:21-cv-00459

## COMPLAINT FOR DECLARATORY JUDGMENT ACTION OF WHITE PINE INSURANCE COMPANY

Pursuant to 28 U.S.C. § 2201, Plaintiff White Pine Insurance Company ("White Pine") hereby requests a declaration of legal rights and responsibilities owed to Barboursville Pre-Owned Auto Sales, LLC ("Defendant") under an Auto Dealer's Liability Policy that Plaintiff White Pine issued to Defendant.

1. The central question in this declaratory judgment action is whether the insurance policy at issue provides a duty to defend or a duty to indemnify Defendant for actions and conduct alleged against them in a civil action: otherwise, to be referred to herein as the "Lawsuit". A copy of the Lawsuit is attached to this Complaint as Exhibit "A" ("The Lawsuit").

2. White Pine hereby alleges as follows:

**I. THE PARTIES**

3. Plaintiff White Pine is a Michigan Corporation with its principal place of business in Michigan. White Pine is a citizen of Michigan within the meaning of 28 U.S.C. § 1332(c).

4. Defendant Barboursville Pre-Owned Auto Sales, LLC is a West Virginia limited liability company with a principal place of business located at 3436 U.S. Rt. 60 East, Barboursville,

Cabell County, West Virginia, 25504. Therefore, Defendant is a citizen of West Virginia within the meaning of 28 U.S.C. § 1332(c).

## II. JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. The instant matter seeks a judicial determination of whether, pursuant to the terms and conditions contained within the White Pine policy, there is a duty to defend or a duty to indemnify Defendant for the actions and conduct alleged against them in the Lawsuit.

5. This action is between citizens of different states and the amount in controversy exceeds the $75,000 jurisdictional minimum.

6. This Court has personal jurisdiction over Defendant as a citizen of West Virginia.

7. This Court has authority to grant declaratory judgment pursuant to 28 U.S.C. § 2201 because White Pine and Defendant are engaged in an actual controversy susceptible to specific relief over the application of provisions in the White Pine insurance policy and any potential ensuing duties. This controversy is within the jurisdiction of the Court.

## III. THE LAWSUIT

8. Tiffany M. Adams, (hereinafter "Plaintiff" or "Adams") filed suit against the Defendant (as "Big Blue Motor Sales Preowned (now known as Barboursville Pre-Owned Auto Sales, LLC)", and Denise Tamra Salmons. in the Circuit Court of Lincoln County, West Virginia, at Civil Action Number 21-C-3 (hereinafter "the Complaint").

9. The Complaint asserts four causes of action against the Defendant(s). They are: Unconscionable Inducement (Count I), Breach of Implied Warranty (Count II), Usury/Excessive Interest (Count III), and (Count IV), and requests diverse damages including punitive damages.

10. Specifically, the Complaint contains the following demands for relief: actual damages, punitive damages, equitable relief, attorneys' fees and cost of litigation, statutory civil penalties for each violation of law, and other relief as the Court deems equitable and just.

## IV. THE WHITE PINE POLICY

11. White Pine issued an Auto Dealers Coverage liability insurance policy to Barboursville Pre-Owned Auto Sales LLC s under Policy Number WPCS004667 (hereinafter "the Policy"), effective from March 7, 2020 to March 7, 2021 (a copy of the Policy is attached hereto as "Exhibit B").

12. The Policy contains the following relevant provisions:

**PUNITIVE OR EXEMPLARY DAMAGE EXCLUSION**
This endorsement modifies insurance provided under the following:

**AUTO DEALERS COVERAGE FORM**

**COVERAGES, D.4. Exclusions** and **SECTION II – GENERAL LIABILITY COVERAGES, A.2. Exclusions** of the **AUTO DEALERS COVERAGE FORM**, whichever may be attached**:**

**PUNITIVE DAMAGES**
This insurance does not apply to Punitive damages, exemplary damages, fines, penalties, treble damages or other increase in damages resulting from the multiplication of compensatory damages, in whatever form assessed. If a "suit" is brought against the insured seeking damages to which this insurance applies and punitive or exemplary damages, we will provide a defense to such "suit". However, we will have no obligation to pay for any costs, interest, or judgment attributable to punitive or exemplary damages. Provisions of this exclusion do not apply in any state where such exclusion is expressly prohibited by state law or insurance department regulation. All other terms and conditions of the policy remain unchanged.

***

**AUTO DEALERS COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered. Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations and include your spouse, if you are an individual. The words "we", "us" and "our"

refer to the company providing this insurance. Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

**SECTION II – GENERAL LIABILITY COVERAGES**

**A. Bodily Injury and Property Damage Liability**

**1. Coverage**

**a.** We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident", and resulting from your "auto dealer operations" other than the ownership, maintenance or use of "autos". We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "accident" occurs in the coverage territory;

**(2)** The "bodily injury" or "property damage" occurs during the policy period;

**2. Exclusions** This insurance does not apply to any of the following:

**a. Expected or Intended Injury**
"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\*\*\*

**h. Defective Products**
"Property damage" to any of your "products", if caused by a defect existing in your "products" or any part of your "products", at the time it was transferred to another.

\*\*\*

**j. Damage to Impaired Property Or Property Not Physically Damaged**
"Property damage" to "impaired property" or other property not physically damaged if caused by:

**(1)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

**(2)** A defect, deficiency, inadequacy or dangerous condition in your "products" or "work you performed". But this exclusion, **j. (2),** does not apply if the loss of use was caused by sudden and accidental damage to or destruction of your "products" or "work you performed" after they have been put to their intended use.

***

**B.  Personal and Advertising Injury Liability**

**1. Coverage**
We will pay all sums the "insured" legally must pay as damages because of "personal and advertising injury" to which this insurance applies, caused by an offense arising out of your "auto dealer operations", but only if the offense was committed in the coverage territory during the policy period.

***

**2. Exclusions**
This insurance does not apply to:
**a. Knowing Violation of Rights of Another**
"Personal and advertising injury" caused by or at the direction of the "insured" with the
knowledge that the act would violate the rights of another and would inflict "personal
and advertising injury".
**b. Material Published with Knowledge of Falsity**
"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the "insured" with knowledge of its falsity.

***

**g. Quality or Performance of Goods – Failure To Conform To Statements**
"Personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement".

**h. Wrong Description of Prices**
"Personal and advertising injury" arising out of the wrong description of the price of
goods, products or services stated in your "advertisement".

***

**SECTION III – ACTS, ERRORS OR OMISSIONS LIABILITY COVERAGES**

5

**A. Coverage** We will pay all sums that an "insured" legally must pay as damages because of any "act, error or omission" of the "insured" to which this insurance applies and arising out of the conduct of your "auto dealer operations", but only if the "act, error or omission" is committed in the coverage territory during the policy period. We will have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "acts, error or omissions" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate.

**B. Exclusions** This insurance does not apply to:

**1. Criminal, Fraudulent, Malicious, Dishonest Or Intentional Acts** Damages arising out of any criminal, fraudulent, malicious, dishonest or intentional "act, error or omission" by an "insured", including the willful or reckless violation of any law or regulation. However, this exclusion does not apply to any "insured" who did not:

**a.** Personally commit;

**b.** Personally participate in;

**c.** Personally acquiesce to; or

**d.** Remain passive after having knowledge of; any such "act, error or omission".

**2. Bodily Injury, Property Damage or Personal And Advertising Injury** "Bodily injury", "property damage" or "personal and advertising injury".

**5. Non-compensatory Damages** Criminal fines or penalties imposed by law or regulation, punitive or exemplary damages or demands for injunctive or equitable relief.

**6. Quality or Performance Of Goods – Failure To Conform To Statements** Damages arising out of the failure of goods, products or services to conform with any statement of quality or performance.

**C. Who Is an Insured** The following are "insureds" for "acts, errors or omissions":

**1.** You.

**2.** Your partners and their spouses, if you are a partnership, but only with respect to the conduct of your "auto dealer operations".

**3.** Your members, if you are a limited liability company, but only with respect to the conduct of your "auto dealer operations". Your managers are also "insureds", but only with respect to their duties as your managers.

**4.** Your "executive officers" and directors, if you are an organization other than a partnership or limited liability company, but only with respect to their duties as your officers or directors. Your stockholders are also "insureds", but only with respect to their liability as stockholders.

**5.** Your "employees", other than either your "executive officers" (if you are an organization other than a partnership or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of employment by you or while performing duties related to the conduct of your "auto dealer operations".

**6.** Any "auto" dealership that is acquired or formed by you, other than a partnership or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that "auto" dealership.

***

**SECTION V – DEFINITIONS**

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Act, error or omission" means any actual or alleged negligent act, error or omission committed by an "insured" in the course of your "auto dealer operations" arising:

**1.** Out of an "insured's" failure to comply with any local, state or federal law or regulation concerning the disclosure of credit or lease terms to consumers in connection with the sale or lease of an "auto" in your "auto dealer operations", including, but not limited to, the Truth In Lending and Consumer Leasing Acts;

**2.** Out of an "insured's" failure to comply with any local, state or federal law or regulation concerning the disclosure of accurate odometer mileage to consumers in connection with the sale or lease of an "auto" in your "auto dealer operations";

**3.** In an "insured's" capacity as an insurance agent or broker in the offering, placement or maintenance of any "auto" physical damage, auto loan/lease gap, credit life or credit disability insurance sold in connection with the sale or lease of an "auto" in your "auto dealer operations", but only if the "insured" holds a valid

7

insurance agent or broker license at the time the "act, error or omission" is committed, in the jurisdiction in which your "auto dealer operations" is located, if required to do so by such jurisdiction; and

**4.** Out of a defect in title in connection with the sale or lease of an "auto" in your "auto dealer operations".

\*\*\*

**F.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

\*\*\*

**J.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**K.** "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

\*\*\*

**M.** "Insured" means any person or organization qualifying as an insured in the Who Is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

\*\*\*

**T**. Products includes:
**1.** The goods or products made or sold in an "auto" dealership by:
**a.** You; or
**b.** An "auto" dealership you have acquired; and
**2.** The providing of or failure to provide warnings
or instructions.

**U.** "Property damage" means damage to or loss of use of tangible property.

**WEST VIRGINIA CHANGES – AUTO DEALERS COVERAGE FORM**
For a covered "auto" licensed or principally garaged in, or for "auto dealer operations" conducted in, West Virginia, this endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Changes in Covered Autos Liability**
**1.** Paragraph **2.b.(4)** of the **Who Is an Insured**
provision is replaced by the following:
**(4)** Your customers. However, those customers are "insureds" only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.
**2.** The **Expected or Intended Injury** Exclusion is
replaced by the following:

**a. Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". However, this exclusion does not apply for amounts up to the limits of liability required by the West Virginia Safety Responsibility Law.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

(*See attached "Exhibit B" for the Policy.*)

13.  Counts I through IV of the Complaint do not assert claims for damages because of "bodily injury" or "property damage" caused by an "accident" as defined by the Policy.

14.  The Complaint asserts claims of Usury/Excessive Interest, none of which seek damages because of "bodily injury" or "property damage" caused by an "accident" as defined by the Policy, and, therefore, the insuring agreement of the Policy is not triggered.

15.  The Complaint asserts claims of Unconscionable Inducement, none of which seek damages because of "bodily injury" or "property damage" caused by an "accident" as defined by the Policy, and, therefore, the insuring agreement of the Policy is not triggered.

16.  The Complaint asserts claims of Breach of Implied Warranty none of which seek damages because of "bodily injury" or "property damage" caused by an "accident" as defined by the Policy, and, therefore, the insuring agreement of the Policy is not triggered.

17. The Complaint asserts claims of Fraud, none of which seek damages because of "bodily injury" or "property damage" caused by an "accident" as defined by the Policy, and, therefore, the insuring agreement of the Policy is not triggered.

18. Because the Lawsuit does not assert claims seeking damages because of "bodily injury" or "property damage" caused by an "accident" as defined by the Policy, the insuring agreement of the Policy is not triggered, and White Pine does not owe Defendant, nor its agents or employees, a defense or indemnification from the Lawsuit.

19. In addition to the fact that the Complaint does not trigger the insuring agreement because claims seeking damages because of "bodily injury" or "property damage" caused by an "accident" have not been asserted in the Lawsuit, a number of Exclusions in the Policy also preclude coverage for the claims against Defendant(s) and/or its agent/employee.

20. The Exclusions set forth as such in Paragraph 12 also operate to preclude coverage for the underlying claims against Defendant, its agents, representatives or employees.

21. The Expected or Intended Injury, or "Intentional Acts", exclusion applies to preclude coverage for "bodily injury" or "property damage" expected or intended from the standpoint of the insured, including those claims and acts alleged in The Lawsuit.

22. The Quality Or Performance Of Goods – Failure To Conform To Statements exclusion under the Acts, Errors, and Omissions section would operate to preclude coverage for the allegations in The Lawsuit as well.

23. The Knowing Violation of Rights of Another exclusion operates to preclude coverage for the claims alleged in The Lawsuit.

24. The Exclusion of Criminal, Fraudulent, Malicious, Dishonest or Intentional Acts also applies to preclude coverage for the claims alleged in The Lawsuit.

25. Coverage does not exist for any claims for punitive damages.

## V. JUSTICIABILITY OF CONTROVERSY

26. The Policy does not provide coverage for the allegations contained within the Lawsuit.

27. Because the insuring agreement has not been triggered by the allegations of the Lawsuit, and several exclusions apply, the Policy does not provide coverage to Defendant, nor its agents, representatives or employees for the allegations contained within the Lawsuit. Thus, White Pine does not owe a duty to defend or indemnify Defendant for the claims of Tiffany M. Adams.

28. A real, substantial and immediate controversy exists between Plaintiff on the one hand and Defendant on the other hand. This controversy is ripe for consideration by this Court, and it is clear that Plaintiff has standing to seek declaratory relief. Therefore, this is a justiciable claim.

## VI. STATEMENT OF PRECISE RELIEF SOUGHT

29. Plaintiff White Pine hereby seeks a declaration from this Court that there is no insurance coverage for Defendants under the Policy for the conduct alleged in the Lawsuit. Plaintiff White Pine further seeks a specific declaration from this Court that the White Pine Policy does not obligate White Pine to defend or to indemnify Defendant, its agents, representatives, or employees, for any judgments awarded against them in the Lawsuit.

Respectfully Submitted,

**HARDIN THOMPSON, P.C.**

*Susan L. Loughran*
Susan L. Loughran, Esquire (WV ID 9690)
The Frick Building
437 Grant Street, Suite 620
Pittsburgh, Pennsylvania 15219
(412) 315-7195 / (412) 315-7386 (fax)
sloughran@Hardinlawpc.net
***Attorney for Plaintiff, White Pine Ins. Co.***